UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs                                                     Case No: 03-80394
                                                        Honorable Victoria A. Roberts

JOSEPH HUDSON,

    Defendant.
_____/

**OPINION AND ORDER DENYING: (1) DEFENDANT HUDSON'S
MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO RULE
29 (C) FRCrP; AND (2) DEFENDANT HUDSON'S MOTION FOR NEW TRIAL**

**I.    INTRODUCTION**

This matter is before the Court on Defendant Hudson's Motion for Judgment of Acquittal Pursuant to Rule 29(c) FRCrP and Defendant Hudson's Motion for New Trial. The Court **DENIES** Defendant's motions.

**II.    BACKGROUND**

On June 24, 2005, a jury found Defendant Joseph Hudson guilty of conspiracy to obtain by fraud and unlawfully convert property of the River Rouge School District (Count One), and with the substantive offense of unlawfully converting property of the River Rouge School District (Counts Three and Four), all in violation of 18 U.S.C. §666(a)(1)(A). Defendant moves for acquittal on all counts on the ground that the Government failed to present evidence of a necessary element of a §666 violation -- that he was an "agent" of the River Rouge School District. Defendant also requests a

new trial due to alleged errors made by the Court in prohibiting him from cross-examining two witnesses on matters that he asserts showed their lack of credibility and motive for implicating him in the acts alleged by the Government.

### III. ANALYSIS

#### A. MOTION FOR ACQUITTAL

Each Count in the Indictment charges Defendant with violation of 18 U.S.C. §666, which states that:

> (a) Whoever, if the circumstance described in subsection (b) of this section exists--
>
> (1) being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof--
> (A) embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts to the use of any person other than the rightful owner or intentionally misapplies, property that--
> (I) is valued at $5,000 or more, and
> (ii) is owned by, or is under the care, custody, or control of such organization, government, or agency;
>
> * * *
>
> shall be fined under this title, imprisoned not more than 10 years, or both.
>
> (b) The circumstance referred to in subsection (a) of this section is that the organization, government, or agency receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance.

18 U.S.C. §666(a)(1)(A)-(b). Under this statute, the Government was required to prove that Defendant 1) was an agent of a state, local, or tribal government or agency; and that he 2) stole or misapplied property valued at $5,000 or more that is owned by or in the custody or control of the government or agency. The third element is that a

government or agency received federal assistance in excess of $10,000 in any one year period. *United States v Madrzyk*, 970 F.Supp. 642 (N.D. Ill. 1997). Defendant contends that the Government failed to make the necessary showing on the first element -- that he was an "agent" of the Board of Education for the River Rouge School District ("the District"). Therefore, he requests that the Court enter a judgment of acquittal pursuant to FRCrP 29.

A Rule 29 motion for judgment of acquittal is a challenge to the sufficiency of the evidence. *U.S. v Jones*, 102 F.3d 804, 807 (6th Cir. 1996). "Evidence is sufficient to support a criminal conviction if, after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt." *U.S. v Beddow,* 957 F.2d 1330, 1334 (6th Cir. 1992). The court must consider the record as a whole, including direct and circumstantial evidence. *U.S. v King*, 169 F.3d 1035, 1039 (6th Cir. 1999).

The evidence showed that Defendant entered into two employment contracts with the District as an independent contractor. The first contract, entitled "Independent Contractor Agreement," described his duties:

> The parties agree that the services to be rendered by the Contractor include, but will not be limited to: (1) the marketing and developing of the RPS-TV/35 productions within the high school studio. . . . (2) assisting with the training of students or District employees.

Government Trial Exhibit 14 at ¶3. This contract was in effect from August 14, 1998 through February 13, 1999. The second contract was entitled "Video Production Manager and Consultant Independent Contractor Status," and was in effect from February 14, 1999 through June 30, 2000. Similar to the first contract, the second

3

agreement provided that Defendant was to "market, develop, consult and produce video productions." Government Trial Exhibit 15.

Defendant asserts that the term "agent" was clearly intended by Congress to only permit prosecution of individuals with legal authority to bind a local government. He contends that neither of his contracts gave him that authority. Specifically, he argues that the contracts did not authorize him to purchase television equipment or otherwise incur expenses on behalf of the District. And, Defendant says that the Government cannot rely on the testimony of Anna Riggins suggesting that he was given authority by Superintendent Benjamin Benford that went beyond the agreements, because there is no evidence that Benford was authorized by the District to modify Defendant's employment agreement.

Assuming the facts in a light most favorable to the Government, there was sufficient evidence on which jurors could base a finding that the Government established the "agent" element of 18 U.S.C. §666. Defendant's second contract required him to "perform all duties, responsibilities *and necessary actions required* to market, develop and consult in the development of RPS-TV35 productions." Government Trial Exhibit 15 (emphasis added). This language -- permitting Defendant to perform any "necessary actions required" to carry out his marketing, developing and consulting duties -- could be interpreted to include making purchases for the TV studio. Such an interpretation is reasonable when considered in conjunction with testimony indicating that Defendant exercised authority regarding purchases. Specifically, Marie Miller testified that Defendant did, in fact, arrange for purchases on behalf of the school district, including videotapes and studio sets. She also testified that the District

4

approved payments on items Defendant claimed to have ordered for the TV studio from Ideal Communications.

The cases Defendant relies upon in support of his contention that the Government presented insufficient evidence that he was an agent, are inapposite. In *U.S. v Ferber*, 966 F.Supp. 90 (D. Mass. 1997), the allegation against the defendant was that he used his position as a financial advisor to various public entities to assist third parties bidding for contracts. In exchange for some form of compensation from the third parties, defendant would then use his position to influence the public entities' decisions about which bids to accept. Among other charges, numerous counts were brought against defendant under §666. At the conclusion of the government's case, however, the Court granted the defendant's FRCrP 29 motion for judgment of acquittal of the §666 counts. The Court found that the government had not presented sufficient evidence for a jury to conclude that defendant was an agent within the meaning of §666, because the evidence showed that the defendant's role was solely advisory. Beyond giving advice, there was no evidence indicating that defendant was ever given authority to alter the legal relationship between the public entities that retained him and third parties. The power to actually make decisions consistent with defendant's recommendations remained with the public entities. *Ferber* is distinguishable from the instant case on its facts. As stated, jurors could find -- based on Defendant Hudson's contract and Miller's testimony that, beyond mere marketing, developing and consulting -- Defendant was given authority by the District to make purchases for the TV studio on its behalf.

*U.S. v Phillips*, 219 F.3d 404 (5th Cir. 2000) is similarly distinguishable. In

*Phillips*, the Court found that defendant, a tax assessor, was not an agent of the St. Helena Parish within the meaning of §666, because there was no evidence that the defendant had authority to act on behalf of the parish or that the parish had authority over him. The Court based its finding on the fact that the state constitution and a state statute established assessment districts as independent of parish government; meaning that the parish had no authority or control over an assessor's duties or job. Also, the assessor's salary and benefits were not provided by the parish; the assessor's office received no federal funds; and, there was no evidence that defendant had any ability to control or administer parish employees, programs or funds. Again, unlike the defendant in *Phillips,* there was evidence in this case upon which jurors could base a finding that Defendant Hudson was authorized by the District to purchase TV equipment on its behalf. Further, Defendant Hudson's independent contractor agreements gave the District authority over him to the extent set forth in the contracts. Therefore, *Phillips* also is not persuasive authority in Defendant's favor.

For these reasons, Defendant's Motion for Judgment of Acquittal is **DENIED**.

### B.     MOTION FOR NEW TRIAL

On a defendant's motion, a court "may vacate any judgment and grant a new trial if the interest of justice so requires." FRCrP 33(a). "[G]ranting or refusing to grant such motions rests within the sound discretion of the District Court . . . ." *U.S. v Hoffa*, 382 F.2d 856 (6th Cir. 1967). The burden is on the defendant to prove that a new trial is warranted. *U.S. v Davis,* 15 F.3d 526, 531 (6th Cir. 1994). Defendant has not met his burden.

Defendant asserts that the Court erred when it did not permit him to question Miller and Riggins about certain alleged improprieties in school board elections. Defendant is referring to conduct which involved Superintendent Benford and which occurred during Defendant's employment with the District. Benford was Miller and Riggins' superior. Prior to Defendant's trial, Benford pled guilty to soliciting money from employees for various holidays and district elections. According to a report by the Michigan State Police, Riggins stated during an interview that she participated in Benford's scheme by collecting the so-called "gifts" on Benford's behalf, all of which she turned over to him. She said that Benford advised her of the amounts that were to be collected from employees based on their status, *i.e.*, $100.00 from Level 1 employees, $50.00 from Level 2 employees, etc. In accordance with this practice, Riggins said that she collected $100.00 from Miller on one occasion. Riggins claimed not to know what Benford did with the money she collected or that it was improper. During district elections, Riggins said that Benford told her to give $5.00 to absentee voters for coming in to vote. In an interview with the Federal Bureau of Investigations ("FBI"), Benford reportedly confirmed that he gave Riggins money for this purpose, and that the money came from employees.[1]

Defendant attempted to question Miller about her participation in Benford's scheme during cross-examination by asking about her responsibility for supervision of

---

[1] Despite Riggins' statement, the Government states that it has never been proven what Benford did with the cash that he collected at election time and that he has not been charged with an election related crime. However, the Government says that evidence of possible election fraud, via absentee votes, was forwarded to the State of Michigan and one person was convicted of a state-election related crime.

7

school board elections. Per Defendant, the purpose was "to show that during the time period Ms. Miller had responsibility for supervising elections, cash was collected from school board employees to use in millage elections and elections for school board members, to pay absentee voters for their votes and to use other cash for support of school board candidates by way of signs and other means . . . ." Def. br. at p. 3. The Government objected to the relevance of counsel's line of questioning. During a sidebar, the Court heard argument and sustained the Government's objection. The Court advised defense counsel that he could not continue with that line of questioning, because he was trying to impeach the witness with extrinsic evidence and because the testimony sought was not relevant. Presumably because of the Court's ruling during Miller's testimony, defense counsel did not attempt to pursue the same line of questioning during his cross-examination of Riggins.[2]

Defendant contends that the Court's ruling was in error because he should have been allowed, per FRE 608(b),[3] to question Miller and Riggins about their character for truthfulness. He argues that, although he could not introduce extrinsic evidence to

---

[2]Defendant says that he also made a proffer during Riggins' cross-examination. But, trial transcripts do not reflect any such proffer.

[3]FRE 608(b) states:

**(b) Specific instances of conduct**. Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

challenge the answers given, Miller and Riggins' answers affirming or denying the conduct were not extrinsic evidence. Defendant says that it was his intention with the proposed line of questioning to show that Miller and Riggins participated in a scheme to pay voters to support school board candidates, which would have demonstrated their lack of credibility and their own involvement in fraudulent conduct. The evidence would have also, says Defendant, shown why Miller and Riggins wanted to deflect attention away from themselves to Defendant.

Even assuming that Defendant is correct that the proposed line of questioning was not objectionable as extrinsic evidence, he does not address the Court's alternate finding that his proposed line of questioning was not relevant. The Court again finds that the testimony sought was not relevant because it did not bear upon either Riggins or Miller's credibility or motives. There is no evidence that Miller or Riggins were culpable participants in Benford's alleged election scheme. Rather, it is apparent from the Michigan State Police and FBI reports, as well as Benford's plea, that Riggins and Miller's "involvement" in the scheme was compelled by Benford, who exercised supervisory authority over them. Therefore, Riggins and Miller's actions do not bear upon their capacity for truthfulness. Consequently, the testimony Defendant sought to solicit was not relevant for the purpose proffered. Defendant's Motion for New Trial is **DENIED.**

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment of Acquittal Pursuant to Rule 29(c) FRCrP and Motion for New Trial are **DENIED**.

**IT IS SO ORDERED.**

                                              **/s/ Victoria A. Roberts**
                                              **Victoria A. Roberts**
                                              **United States District Judge**

**Dated: August 26, 2005**

---

**The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 26, 2005.**

**s/Linda Vertriest**
**Deputy Clerk**

---