UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff(s),**        **CASE NUMBER: 03-80394**
                                    **HONORABLE VICTORIA A. ROBERTS**

**v.**

**JOSEPH HUDSON - D-2,**

        **Defendant(s).**
_____/

**ORDER DENYING DEFENDANT'S
MOTION FOR BOND PENDING APPEAL**

This matter is before the Court on Defendant Hudson's Motion for Bond Pending Appeal. For the reasons stated below, the motion is **DENIED**.

Under the Bail Reform Act of 1984, 18 U.S.C. §3143(b)(1), a defendant who appeals his sentence is not entitled to remain on bond during the pendency of the appeal unless the defendant shows that he is not a flight risk and that the appeal raises a substantial question of law or fact:

> (b) Release or detention pending appeal by the defendant.--(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--

    (i) reversal,

    (ii) an order for a new trial,

    (iii) a sentence that does not include a term of imprisonment, or

    (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

The Court finds that Defendant has failed to establish that his appeal raises a substantial question of law or fact.

"[A]n appeal raises a substantial question when the appeal presents a 'close question or one that could go either way.'" *United States v Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985)(*quoting United States v Powell,* 761 F.2d 1227 (8th Cir. 1985)). On appeal, Defendant Hudson raises the same arguments that he raised before this Court in pre- and post-trial motions--that the indictment failed to allege sufficient facts to establish that he was an "agent" of the River Rouge School District within the meaning of 18 U.S.C. §666,[1] and that the proofs at trial were insufficient to establish this element.

---

[1] 18 U.S.C. §666(a) and (b) state that:

    (a) Whoever, if the circumstance described in subsection (b) of this section exists--

    (1) being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof--

    (A) embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts to the use of any person other than the rightful owner or intentionally misapplies, property that--

    (I) is valued at $5,000 or more, and

    (ii) is owned by, or is under the care, custody, or control of such organization, government, or agency;

* * *

shall be fined under this title, imprisoned not more than 10 years, or

For the reasons already stated in the Court's prior orders, the Court does not believe that Defendant's arguments present a close or debatable question.[2] Moreover, as Defendant acknowledges, §666 is broadly construed, see *Salinas v United States,* 522 U.S. 52, 55-61 (1997), and the critical inquiry is set forth in the statute's definition of an agent--whether Defendant was "a person authorized to act on behalf of another person or a government." 18 U.S.C. 666(d)(1). Here, there were allegations in the indictment and evidence presented at trial (both outlined in the Court's prior Orders) which established that Defendant was given authority to act on behalf of the River Rouge School District with respect to the television studio for which he contracted to perform services.

Notably, Defendant somewhat recharacterizes the arguments he made at trial and in post-trial motions. Defendant previously argued that his contracts with the School District expressly limited his authority such that he could not be regarded as an agent of the School district with regard to the purchase of audio-visual equipment. *See* Defs. Motion for Judgment of Acquittal at p. 4. To the extent that there was evidence

---

both.

(b) The circumstance referred to in subsection (a) of this section is that the organization, government, or agency receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance.

[2] *See* Opinion and Order Denying Motion to Dismiss Second Superceding Indictment, March 15, 2005, and Opinion and Order Denying: 1) Defendant Hudson's Motion for Judgment of Acquittal Pursuant to Rule 29 FRCrP; and 2) Defendant Hudson's Motion for New Trial, August 26, 2005.

that Defendant was given authority beyond the scope of his contract by the River Rouge Superintendent, Benjamin Benford, Defendant argued that the Government could not rely on such evidence to establish the agent element because the School District did not authorize Benford to enlarge the scope of Defendant's authority. *Id* at p. 7.

Defendant now essentially argues that his participation in fraudulent conduct outside the scope of his authority necessarily precludes a finding that he was an agent within the meaning of §666:

> Evidence of Defendant Hudson's role in those matters, when viewed in the light most favorable to the government, can only support the proposition that fraudulent conduct is outside the scope of one's authority established pursuant to contract, and cannot make one the agent of the purported victim of the crime.

Def. Reply br. at p. 4. This argument is made without citation to authority, and it lacks merit for several reasons. First, Defendant's argument seems to be an extension of a common law principle of agency stated in the Restatement (Second) of Agency which typically applies in civil tort cases and which limits the liability of the principal if the agent acts outside the scope of employment. *See* Restatement (Second) of Agency, §219(2).[3] However, it has been noted that Congress expressly declined to incorporate

---

[3] Section 219(2) of the Restatement (Second) of Agency states:

(2) A master is not subject to liability for the torts of his servants acting outside the scope of their employment, unless:

(a) the master intended the conduct or the consequences, or
(b) the master was negligent or reckless, or
(c) the conduct violated a non-delegable duty of the master, or
(d) the servant purported to act or to speak on behalf of the principal and there was reliance upon apparent authority, or he was aided in accomplishing the tort by the existence of the agency relation.

4

the definition of agency set forth in the Restatement:

> After defining the nature of the offense covered by section 666, Congress set forth an express definition of the term "agent" in subsection (d). **According to the legislative history, "[t]he term[] 'agent' ⋯ [is] defined in subsection (d) and *require[s] no further explication.*" S.Rep. No. 225, 98th Cong., 2d Sess. 369-70, *reprinted in,* 1984 U.S. Code Cong. & Admin. News 3182, 3510-11 (Senate Committee on Judiciary). By its own words, therefore, Congress stated its intent to use its own definition of "agent," and not to incorporate the definitions already available in the *Restatement (Second) of Agency* and elsewhere.**

*United States v Toro*, 1989 W.L. 63118, *2 (S.D.N.Y. 1989)(emphasis added). *See also United States v Vitillo,* 2005 W.L. 1693932, *4 n.11 (E.D. Pa. 2005)(*citing Toro*).

Second, it is apparent from the express language of §666 that it presumes and is designed to address fraudulent conduct by those given authority over federal funds entrusted to a government agency. If the agency element is defeated every time an individual given such authority engages in the very fraudulent conduct anticipated by the statute, no one could ever be convicted under §666. This is clearly contrary to the intent of the drafters.

Lastly, Defendant's argument suggests that he was deemed to be an agent of the School District solely *because* he engaged in fraudulent conduct outside the scope of the authority granted in his contract. In fact, however, this Court found that there were sufficient allegations in the indictment and sufficient evidence presented at trial that Defendant was an agent of the School *and* that he engaged in fraudulent conduct in his capacity as agent, subjecting him to liability under §666.

For all of these reasons, Defendant's Motion for Bond Pending Appeal is

**DENIED**.

**IT IS SO ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 9, 2006

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 9, 2006.

s/Carol A. Pinegar
Deputy Clerk

---